```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION and
WELFARE FUNDS,
                                                    MEMORANDUM & ORDER
                    Plaintiffs,                     12-CV-5650(JS)(GRB)

        -against-

INFINITY GLASS & RESTORATION LLC
f/k/a Infinity Architectural
Solutions, Inc.,

                    Defendant.
----------------------------------------X
```

APPEARANCES
For Plaintiffs:     Charles R. Virginia, Esq.
                    Richard B. Epstein, Esq.
                    Virginia & Ambinder LLP
                    111 Broadway, Suite 1403
                    New York, NY 10006

For Defendant:      No appearance.

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R"), issued on August 26, 2013. For the following reasons, the Court ADOPTS this R&R in its entirety.

BACKGROUND

Plaintiffs, the Trustees of the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Plaintiffs"), commenced this action against Infinity Glass & Restoration LLC f/k/a Infinity Architectural

Solutions, Inc. ("Defendant") on November 16, 2012, seeking confirmation of an arbitration award pursuant to Section 9 of the United States Arbitration Act, 9 U.S.C. § 9, Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(3), and Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).  Defendant did not answer the Complaint or otherwise appear in this action.  Plaintiffs moved for an entry of default on December 21, 2012 (Docket Entry 5), and the Clerk of the Court noted Defendant's default on December 26, 2012 (Docket Entry 6).  Then, on February 8, 2013, Plaintiffs filed a motion for default judgment (Docket Entry 7), which the Court referred to Judge Brown for an R&R on February 12, 2013 (Docket Entry 9).

Judge Brown issued his R&R on August 26, 2013, recommending that the motion be granted, that the arbitrator's award be confirmed, that Plaintiffs be awarded $45,756.69, and that Defendant be ordered to submit to an audit of its books and records.  (Docket Entry 14.)

No party has objected to any portion of Judge Brown's R&R.

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  If no timely objections have been made, the "court

need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party objected to Judge Brown's R&R. And the Court finds it to be correct, comprehensive, well-reasoned, and free of any clear error. Accordingly, the Court ADOPTS it in its entirety.

## CONCLUSION

Judge Brown's R&R is ADOPTED in its entirety, and Plaintiffs' motion for default judgment is GRANTED. The Court hereby confirm the arbitration award, awards Plaintiffs damages in the amount of $45,756.69, and ORDERS Defendant to make available to Plaintiffs or authorized representatives any and all books and records Plaintiffs deem necessary to conduct a payroll audit.

The Clerk of the Court is directed to enter judgment consistent with this Memorandum and Order and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  17 , 2013
       Central Islip, NY